IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADRIS BRUNDIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>BRIM PROPERTIES, LLC; DAWNDI D. REICHMAN; and THE DAWNDI D. REICHMAN TRUST,<br><br>    Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Case No. 2:19-cv-00291-RJS-PMW<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

Before the court is Defendants Brim Properties, LLC, Dawndi D. Reichman, and the Dawndi D. Reichman Trust's (Defendants) Motion to Stay,[1] which Plaintiff Adris Brundidge opposes in her Motion and Memorandum Objecting to Defendants' Motion For Stay and to Strike Defendants' Motion to Dismiss and for Stay as Supplemental Pleading (Response).[2] Having reviewed the parties' filings, the court GRANTS Defendants' Motion.

## LEGAL STANDARD

The court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] Dkt. 28.

[2] Dkt. 35. Before addressing the substance of the parties' filings, the court clarifies that it treats Brundidge's Response as nothing more than a response memorandum opposing Defendants' Motion to Stay. This is because, although Brundidge's Response is captioned as a motion to strike, she never requests the court to strike anything. *See id.* Indeed, the word "strike" only appears one time in the Response—in its caption. *Id.* at 1. Because "the substance of a pleading—not its caption—controls," the court does not treat Brundidge's Response as a motion to strike. *Taite v. Ramos*, 618 Fed. App'x. 392, 394 n.1 (10th Cir. 2015) (unpublished) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). The Response does, however, request other forms of relief from the court. *See* Dkt. 35 at 2. But because these requests are procedurally improper, they are DENIED. *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

1

counsel, and for litigants."[3] When determining whether to stay proceedings, the court "must weigh competing interests and maintain an even balance."[4] Because "[t]he right to proceed in court should not be denied except under the most extreme circumstances," a party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else."[5] Here, Defendants have met their burden.

## ANALYSIS

Defendants move the court to stay all proceedings in this case pending the resolution of their order-to-show-cause motion (OSC Motion) against Brundidge in state court.[6] In short, the OSC Motion alleges Brundidge should be held in contempt because she has not dismissed this case as required by the state court's Unlawful Detainer Hearing Order.[7] Weighing the competing interests at stake here, the court will stay the case until the state court has granted or denied the OSC Motion. If the state court grants Defendants' OSC Motion, it is likely this case will be resolved. Thus, it would be illogical and inequitable—especially for Defendants—to require the parties to expend time and money litigating this case before the state court has resolved the OSC Motion. Further, it would contradict basic principles of judicial economy for the court to allow this case to continue under these circumstances.

Additionally, Brundidge has not demonstrated any prejudice if this case is stayed. Instead, without ever addressing the OSC Motion or providing any reasoning, Brundidge simply asks the

---

[3] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[4] *Id.* at 254–55.

[5] *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (first brackets in original) (citations omitted).

[6] Dkt. 28 at 2.

[7] *See id.* at 9–15.

court to allow these proceedings to continue.[8] But the court declines to do so because there appears to be no "fair possibility" that a stay would prejudice Brundidge.

## CONCLUSION

Defendants' Motion to Stay[9] is GRANTED, as follows:

1. These proceedings are stayed until the state court has issued a decision on Defendants' OSC Motion; and

2. Defendants shall notify this court of the state court's decision on the OSC Motion by filing a status report no later than seven (7) days after the state court renders its decision.

SO ORDERED this 20th day of April 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[8] Dkt. 35 at 1–2.

[9] Dkt. 28.