IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADRIS BRUNDIDGE,<br><br>        Plaintiff,<br><br>v.<br><br>BRIM PROPERTIES LLC and DAWNDI D.<br>REICHMAN, Individually and as Trustee of<br>the DAWNDI D. RECHMAN TRUST,<br><br>        Defendants. | **MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>FIRST MOTION TO DISMISS AND<br>DENYING DEFENDANTS' SECOND<br>MOTION TO DISMISS**<br><br>Case No. 2:19-cv-00291-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

On November 12, 2019, the court dismissed Plaintiff Adris Brundidge's Complaint

without prejudice. She then filed a Second Amended Complaint, which Defendants Brim

Properties LLC and Dawndi D. Reichman (collectively, Brim Properties) promptly moved to

dismiss (First Motion to Dismiss).[1] Before the court addressed the First Motion to Dismiss,

Brim Properties asked the court to stay these proceedings until the Utah state court resolved

Brim Properties' Motion for Order to Show Cause against Brundidge. The court stayed this case

pending resolution of the Motion for Order to Show Cause.

After the Utah state court resolved Brim Properties' Motion for Order to Show Cause,

Brim Properties filed a second Motion to Dismiss (Second Motion to Dismiss),[2] asking the court

to lift the stay and dismiss the Second Amended Complaint based on the Utah state court's order.

The court now lifts the stay and takes up Brim Properties' First and Second Motions to Dismiss.

For the reasons explained below, the First Motion to Dismiss[3] is GRANTED, and Brundidge's

---

[1] Dkt. 24.

[2] Dkt. 44.

[3] Dkt. 24.

Second Amended Complaint is DISMISSED WITHOUT PREJUDICE.  Brundidge may file an

amended complaint no later than fourteen (14) days from the entry of this Order.

Because the court grants the First Motion to Dismiss, Brim Properties' Second Motion to

Dismiss[4] is moot and therefore DENIED.

## BACKGROUND

Brundidge has been Brim Properties' tenant since October 2015.[5]  In February 2018,

Brundidge renewed her tenancy with Brim Properties by signing a Residential Rental Agreement

(Rent Agreement).[6]  The Rent Agreement granted Brundidge a one-year lease in exchange for

rent payments of $1,700 each month.[7]  The lease term began March 1, 2018, and ended on the

last day of March 2019.[8]

On April 1, 2019, Brim Properties posted on Brundidge's door a Notice to Vacate.[9]  The

Notice to Vacate gave Brundidge until April 30, 2019, to vacate the property.[10]  Instead of

vacating, Brundidge filed this lawsuit against Brim Properties on April 30, 2019.[11]  Brim

Properties then filed an unlawful detainer action against Brundidge in Utah state court.[12]

In May 2019, Brim Properties moved to dismiss Brundidge's Complaint.[13]  Before the

court heard Brim Properties' motion, Brundidge filed an Amended Complaint.[14]  During the

---

[4] Dkt. 44.

[5] Dkt. 22-2 at 2.

[6] *See* Dkt. 22-1.

[7] *Id.* at 2.

[8] *Id.*

[9] Dkt. 22 (Second Amended Complaint) at 8; Dkt. 22-3 at 5.

[10] Dkt. 22-3 at 5.

[11] *See* Dkt. 1 (Complaint).

[12] *See* Dkt. 22-3.

[13] *See* Dkt. 14.

[14] *See* Dkt. 18.

hearing on Brim Properties' motion, however, the Amended Complaint was dismissed without prejudice "[o]n an oral motion."[15]  The court also granted Brim Properties' motion to dismiss and gave Brundidge leave to file a Second Amended Complaint,[16] which she did in December 2019.[17]

Brundidge brings four causes of action in her Revised Second Amended Complaint (Second Amended Complaint).[18]  Brundidge first claims Brim Properties violated the Fair Debt Collection Practices Act (FDCPA) by pursuing unpaid rent and attorney's fees as part of its unlawful detainer action in state court.[19]  Next, she claims she is entitled to a declaratory judgment voiding the Notice to Vacate because it was posted on her door and not delivered directly to her.[20]  Third, she claims Brim Properties interfered with her business interests by posting the Notice to Vacate in a conspicuous location.[21]  Fourth, she claims she is entitled to damages for Brim Properties' intentional infliction of emotional distress.[22]

In December 2019, Brim Properties filed a new Motion to Dismiss, asking the court to dismiss the Second Amended Complaint on the grounds that it fails to state an actionable FDCPA claim.[23]  Because there is no federal cause of action, Brim Properties argues, the court should decline to exercise supplemental jurisdiction over the remaining claims.[24]

---

[15] Dkt. 19.

[16] *Id.*

[17] *See* Dkt. 22 (Second Amended Complaint).

[18] *See id.* at 3–10.

[19] *Id.* at 3–8.

[20] *Id.* at 8.

[21] *Id.* at 9.

[22] *Id.* at 9–10.

[23] Dkt. 24 at 1.

[24] *Id.* at 6–7.

## LEGAL STANDARD[25]

Brim Properties moves to dismiss Brundidge's FDCPA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[26]  While the Rule 12(b)(6) analysis is typically confined to the plausible allegations in a complaint, the court may also consider "the attached exhibits and documents incorporated into the complaint by reference."[27]

Under Rule 12(b)(6), the court may dismiss inadequately pleaded claims—that is, where the complaint fails "to state a claim upon which relief can be granted."[28]  To adequately state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[29]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]  In other words, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[31]  Although this does not require "detailed factual allegations," it does "demand[] more than . . . unadorned, the

---

[25] Brundidge argues the court must treat Brim Properties' First Motion to Dismiss as a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure because Brim Properties makes various arguments supported by unsworn allegations that do not appear in the Second Amended Complaint. Dkt. 25 at 1–2.  For example, Brim Properties alleges that "Defendants do not engage in any business the principal purpose of which is the collection of any debts," "Defendant Reichman is a landlord using Defendant Brim as a property manager," and "Defendants are not persons who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Dkt. 24 at 5.  The Second Amended Complaint makes no such allegations.  But Rule 12(d) requires the court to treat a Rule 12(b)(6) motion as a Rule 56 motion only if "matters outside the pleadings are presented to and *not excluded by the court*." Fed. R. Civ. P. 12(d) (emphasis added).  Accordingly, the court analyzes the First Motion to Dismiss under the Rule 12(b)(6) standard because the court excludes all matters Brim Properties introduces that are not included in the Second Amended Complaint.  Additionally, the court will not consider Brim Properties' arguments founded on the excluded matters.

[26] Dkt. 24 at 1.

[27] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (citation omitted).

[28] Fed. R. Civ. P. 12(b)(6).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

[30] *Id.* (citation omitted).

[31] *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

defendant-unlawfully-harmed-me accusation[s]."[32]   Indeed, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[33]

In practice, the court applies Rule 12(b)(6) by "first discard[ing] allegations in the complaint that are 'legal conclusions' or 'threadbare' recitals of the elements of a cause of action, supported by mere conclusory statements."[34]   Next, the court "accepts as true the remaining, well-pleaded (that is, plausible, non-conclusory, and non-speculative) factual allegations and construe[s] them in the light most favorable to the plaintiff."[35]

## ANALYSIS

The court ordinarily should decline to "exercise supplemental jurisdiction over state-law claims [when] it . . . dismisses all claims over which it has original jurisdiction."[36]   Accordingly, the court first considers the viability of Brundidge's FDCPA claim—the only claim over which this court has original jurisdiction.

### I.   Brundidge Has Not Stated An FDCPA Claim

To state a claim under the FDCPA, a plaintiff must plausibly allege four elements:

(1) Plaintiff is any natural person who is a 'consumer' within the meaning of 15 U.S.C. § 1692a(3); (2) The "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) Defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant has violated, by act or omission, a provision of the FDCPA.[37]

---

[32] *Iqbal*, 556 U.S. at 678 (citation omitted).

[33] *Id.* (quotation marks and citation omitted).

[34] *Soto for Estate of Jimenez v. Bd. Of Cty. Comm'rs of Caddo Cty.*, 748 F. App'x 790, 793 (10th Cir. 2018) (unpublished) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678).

[35] *Id.* (citing *Iqbal*, 556 U.S. at 679).

[36] *Phan v. Colo. Legal Servs.*, 769 F. App'x 520, 527 (10th Cir. 2019) (unpublished) (quotation marks and citation omitted).

[37] *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1103 (D. Colo. 2015) (citation omitted); *see also Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018) ("To prevail under the FDCPA, a plaintiff must prove that the defendant is a 'debt collector' who is trying to collect a 'debt' from the plaintiff in violation of some provision of the FDCPA.").

Brim Properties argues Brundidge has not pleaded allegations sufficient to satisfy the second and

third elements of an FDCPA claim.[38]  Brim Properties also argues Brundidge's Second Amended

Complaint should be dismissed because the parties stipulated to such a dismissal in state court.[39]

Because the court concludes Brundidge has not adequately pleaded facts from which it can infer

that Brim Properties is a debt collector, it dismisses the Second Amended Complaint and

declines to address Brim Properties' alternative arguments.

The FDCPA defines the term "debt collector" as "any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another."[40]  Thus, "[t]he FDCPA

establishes two alternative predicates for 'debt collector status': 1) engaging in debt collection as

the 'principal purpose' of the entity's business; or 2) engaging in debt collection 'regularly.'"[41]

Brundidge's allegations, in their entirety, concerning Brim Properties' status as a debt

collector are:

> The defendants are debt collectors within the meaning of 15 United States Code
> Section 1692(a)(5).  Plaintiff need not plead and prove this element.  This Court
> ruled on November 12, 2019 as follows: "I conclude that it is not a jurisdictional
> prerequisite under the Fair Debt Collection Practices Act that the defendants be
> debt collectors."[42]

Brundidge argues this is sufficient because, according to Brundidge, the court's November 12,

2019, oral ruling permitted her to forgo the requirement under Rule 8 of the Federal Rules of

---

[38] *See* Dkt. 24 at 4.

[39] *Id.* at 6.

[40] 15 U.S.C. § 1692a(6).

[41] *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (citations omitted).

[42] Dkt. 22 (Second Amended Complaint) at 5.

Civil Procedure that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[43]  Brundidge misunderstands the court's ruling.

As quoted by Brundidge, the court concluded that Brim Properties' alleged status as debt collectors was "not a jurisdictional prerequisite under" the FDCPA.[44]  But that ruling did not address whether Brundidge has plausibly pleaded the elements of an FDCPA claim or risks dismissal under Rule 12(b)(6).  Indeed, the court has never relieved Brundidge of her obligations under Rule 8.  Brundidge's only allegation about Brim Properties' status as "debt collectors" is a legal conclusion that this court may not consider in the context of a motion to dismiss.  As a result, Brundidge has failed to plead an FDCPA violation, and her FDCPA claim is dismissed without prejudice.

## II.   The Court Will Not Exercise Supplemental Jurisdiction Over Brundidge's State Law Claims

"Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction."[45]  "Indeed, [the Tenth Circuit has] directed courts that they should usually do so in these circumstances."[46]  As explained above, the court dismisses Brundidge's federal claim. Accordingly, the court declines to exercise supplemental jurisdiction over her remaining state-law claims and dismisses them without prejudice.

---

[43] Fed. R. Civ. P. 8(a)(2).

[44] Dkt. 22 (Second Amended Complaint) at 5.

[45] *Phan*, 769 F. App'x at 527 (quotation marks omitted).

[46] *Id.* (citing *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)).

## CONCLUSION

For the reasons explained above, Brim Properties' First Motion to Dismiss[47] is GRANTED, and Brundidge's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE.  Brundidge may file an amended complaint within fourteen (14) days if she wishes to replead her claims.  If Brundidge does not submit an amended complaint within that time period, the court will close the case.

In so ruling, the court recognizes that Rule 15(a)(2) of the Federal Rules of Civil Procedure requires the court to "freely give leave [to amend a complaint] when justice so requires."[48]  The Second Amended Complaint represents at least Brundidge's second attempt to plead a cognizable FDCPA claim, and the court is aware of the potential time, expense, and burden responding to a third amended complaint may cause Defendants.  This is particularly so in light of the Utah state court's order directing Brundidge to dismiss this action.[49]  The court offers here no opinion concerning the effect of that order on the parties to this case.  However, in view of all the circumstances, the court gives Brundidge notice that this likely will be her last opportunity to amend.

SO ORDERED this 29th day of July 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[47] Dkt. 24.

[48] Fed. R. Civ. P. 15(a)(2).

[49] *See* Dkt. 44-1 ¶¶ 35–41.